# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Michael E. Brown,**
**Petitioner Below, Petitioner**

**vs)  No. 14-0134** (Cabell County 98-F-40 and 02-C-357)

**Michael V. Coleman, Acting Warden**
**Respondent Below, Respondent**

**FILED**

November 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael E. Brown, by counsel James M. Cagle, appeals both the denial of his motion for new trial and the dismissal of his petition for writ of habeas corpus. Respondent Michael V. Coleman, Acting Warden, by counsel Christopher S. Dodrill, filed his response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 17, 1997, Ronald Davis and Gregory Black were found dead of gunshot wounds in petitioner's residence; the homicides were related to both drugs and robbery. On March 4, 1999, petitioner was convicted of two counts of first degree murder, with a recommendation of mercy, and received two consecutive life sentences.[1] On July 6, 2001, after considering the presentence report, the circuit court reimposed the original sentence of two consecutive terms of life imprisonment, with mercy. Petitioner filed a petition for a writ of

---

[1] Petitioner previously appeared before this Court in *State v. Brown*, 210 W.Va. 14, 552 S.E.2d 390 (2001), in which he appealed his convictions of two counts of first degree murder with mercy and his sentence of two consecutive life terms in the penitentiary. This Court affirmed petitioner's convictions but reversed his sentence and remanded for a presentence report and a new sentencing hearing. He next appeared before this Court in *Coleman v. Brown*, 229 W.Va. 227, 728 S.E.2d 111 (2012). In that matter, the acting warden appealed the circuit court's January 7, 2011, order granting Petitioner Brown habeas relief. The circuit court found that the juror's lack of candor deprived the circuit court and the parties of the ability to determine the juror's fitness to serve, which foreclosed Petitioner Brown's constitutional right to a fair trial. Therefore, the circuit court ordered a new trial. This Court reversed the circuit court order and remanded the matter for further proceedings with regard to any unresolved habeas issues.

1

habeas corpus on May 2, 2002, which was amended on July 25, 2005, and again on May 14, 2009.

In 2009, co-defendant Matthew Fortner pled guilty to murder and was sentenced.[2] On December 30, 2011, the deposition of a confidential witness was taken. The witness testified that, on multiple occasions, Mr. Fortner acknowledged shooting the victims. The witness also testified that Mr. Fortner went to petitioner's home where the shooting took place to kill the victims because the victims owed Mr. Fortner money. The witness further testified that Mr. Fortner was angry at petitioner for talking about what happened. Mr. Fortner believed he was not in prison for killing two people but because petitioner talked.

On September 24, 2012, petitioner filed a motion for new trial based upon newly discovered evidence he contends undermines the trial evidence against him. On May 2, 2013, the parties argued the motion for a new trial, with both sides agreeing that *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979), controlled the issue. The circuit court found that this newly-discovered evidence would not have produced a not guilty verdict in a new trial and that the sole purpose of the evidence was to impeach Mr. Fortner. In its October 23, 2013, "Order Denying Motion for New Trial," the circuit court found that petitioner failed to meet his burden of proof and denied petitioner's motion. Thereafter, the circuit court entered its January 9, 2014, "Order Denying Amended Petition for Post-Conviction Habeas Corpus Ad Subjuiciendum on Two Remaining Issues." In that order, the circuit court found the evidence regarding Mr. Fortner's mental health condition and treatment was not exculpatory or impeachment evidence that could have been introduced at petitioner's trial. It also found that the State did not fail to disclose Mr. Fortner's mental health records because at the time of trial the State did not have knowledge of the same. The circuit court continued by stating that even assuming Mr. Fortner's mental health condition and treatment were exculpatory or impeachment evidence and the State did suppress the introduction of the same, the introduction of the evidence would have gone to the witness's credibility and would have been something that the jury considered as part of the determination of Mr. Fortner's credibility. The circuit court would have permitted Mr. Fortner to testify and the jury as the fact finders could consider whether his mental health had any impact on his recollection and memory of the events the night in question. The court, therefore, denied petitioner's petition for habeas corpus on that ground.

In its order, the circuit court also addressed the second unresolved habeas issue: whether the circuit court should have disqualified one of the jurors and whether that failure prevented petitioner from having a fair trial. The circuit court found that Juror Wickline was not under indictment at the time of petitioner's trial, though her adult son had been indicted. It found that, pursuant to West Virginia Code § 56-6-14, Juror Wickline did not have a matter to be tried during the term of court wherein she was a juror in petitioner's trial, so she should not have been disqualified. Thus, the circuit court denied petitioner's habeas petition on these two remaining issues. Petitioner appeals from both the October 23, 2013, order and the January 9, 2014, order.

---

[2] Mr. Fortner filed a petition for habeas relief alleging only ineffective assistance of counsel and was granted relief. He ultimately entered a plea to a lesser charge. He was incarcerated but had been released at the time of his alleged exculpatory statements.

After careful consideration, this Court finds that the circuit court did not err in denying habeas corpus relief to petitioner or in denying his motion for new trial based upon newly discovered evidence.

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Further, "'[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed.' Syllabus Point 4 of *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979) Cert. Denied, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983)." Syl. Pt. 3, *Hatcher v. McBride*, 221 W.Va. 5, 650 S.E.2d 104 (2006).

On appeal, petitioner sets forth three assignments of error. First, he contends that the circuit court erred in denying petitioner's motion for a new trial, arguing that the motion was supported by sworn deposition testimony of a person who informed the State that Mr. Fortner had stated on multiple occasions that he fired the shots that killed the victims. Petitioner claims that the deposition testimony wherein Mr. Fortner admitted killing the victims constitutes new evidence which entitled petitioner to a new trial and that this new evidence would produce a different result at trial. Petitioner is critical of the circuit court's finding that this new evidence was merely for impeachment, as he claims it is substantive evidence.

As set forth above, we apply a two-prong standard of review related to a motion for new trial. Syl. Pt. 3, *Vance*, 207 W.Va. at 641, 535 S.E.2d at 485. We have also found that the basis of awarding a new trial for newly discovered evidence will not be granted unless the case comes within the following rules:

> (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict.

3

(3) Such evidence must be new and material, and not merely cumulative, and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side. Syllabus Point 1, *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979).

Syl. Pt. 1, in part, *State v. William M.*, 225 W.Va. 256, 692 S.E.2d 299 (2010). In its order, the circuit court found that petitioner did not satisfy the third, fourth, and fifth prongs of the *Frazier* test. During the deposition, the confidential witness testified that the witness was unable to determine whether Mr. Fortner was telling the truth when he claimed he shot the victims. In addition, the witness testified that Mr. Fortner acknowledged petitioner's participation in the robbery, including the witness stating that Mr. Fortner said that petitioner had a gun at the time of the robbery. During the trial, witness Mike Mount testified that petitioner told him that Mr. Fortner fired the shots, so that information was before the jury in the trial. Thus, the circuit court did not err in concluding that the deposition testimony by the witness did not satisfy the third and fourth prongs of the *Frazier* test. Because petitioner failed to satisfy two of the prongs of this test, we decline to address the remaining prongs.

Petitioner next argues that the circuit court erred when it concluded that Mr. Fortner's extensive mental health records do not constitute exculpatory or impeachment evidence which the State had a duty to investigate and provide notice of the same to petitioner's counsel. Petitioner contends that Mr. Fortner had an extensive history of mental health problems but that the circuit court concluded, as a matter of law, that this evidence was neither exculpatory nor impeachment evidence. Petitioner is also critical of the circuit court's finding that such evidence would not have been admissible at trial. In support of his argument, petitioner points to Mr. Fortner's testimony at his own habeas proceeding wherein he admitted that he had been using drugs since the age of twelve, had been abused by a relative, had participated in bestiality, and had been hospitalized in a psychiatric unit more than a year prior to the murders at issue. On November 9, 2007, petitioner asked the circuit court to examine Mr. Fortner's mental health records, but the request was denied. Petitioner contends that the records contain information sufficient to call Mr. Fortner's trial testimony into question.

> There are three components of a constitutional due process violation . . .: (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.

Syl. Pt. 2, in part, *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007). Black's Law Dictionary defines exculpatory evidence as "[e]vidence tending to establish a criminal defendant's innocence." Black's Law Dictionary 675 (10th ed. 2014). Further, impeachment evidence is "[e]vidence used to undermine a witness's credibility." *Id.* at 676. In addition to Mr. Fortner's testimony about his criminal past, he testified that he had been off of drugs for some time prior to petitioner's trial, so the record is devoid of evidence that Mr. Fortner was under the influence of drugs at the time he testified at trial. Petitioner fails to show how Mr. Fortner's

mental health records might tend to establish petitioner's innocence. Therefore, we find no error in the circuit court's ruling that the evidence does not constitute exculpatory evidence. Further, we find that petitioner has failed to satisfy the standards set forth in *Youngblood*, as petitioner has not shown that the mental health records were suppressed by the State or that the evidence was material, particularly in light of the fact that petitioner had the opportunity to examine Mr. Fortner regarding his criminal and mental health history to the extent that the trial court may have permitted such testimony. Therefore, we find that the circuit court did not err in denying petitioner's petition for habeas relief on this ground.

Petitioner's third and final assignment of error is that the circuit court erred by concluding that a juror who was the mother of a person scheduled for trial in the same term of court as petitioner and was liable for her son's bond if he failed to appear is not a disqualified juror under West Virginia Code § 56-6-14. Juror Wickline's son was scheduled for trial in the same court, before the same judge, the week after petitioner's trial, and Juror Wickline was the surety on her son's bond. West Virginia Code § 56-6-14 states that "[n]o person shall serve as a juror at any term of a court during which he has any matter of fact to be tried by a jury, which shall have been, or is expected to be, tried during the same term." Petitioner argues that the statute is not clear about who is a "person" within the statute and that "person" should include those involved in litigation or who have a particular interest in a case. He, therefore, asserts that Juror Wickline should have been disqualified. While petitioner tries to make this a constitutional issue, his categorization is incorrect. As set forth above, a habeas proceeding is not the proper avenue for review of ordinary trial error. For this reason, we decline to address petitioner's third assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISQUALIFIED**

Justice Allen H. Loughry II

5